**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4188**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RODNEY R. HAILEY,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:11-cr-00540-WDQ-1)

Submitted: March 18, 2014        Decided: March 27, 2014

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald C. Ruter, THE LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Stefan D. Cassella, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a six-day jury trial, Rodney R. Hailey was convicted of eight counts of wire fraud, in violation of 18 U.S.C. § 1343 (2012); thirty-one counts of money laundering, in violation of 18 U.S.C. § 1957 (2012); and two counts of violating the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A) (2012) and various federal regulations. The district court sentenced Hailey to 151 months' imprisonment, three years of supervised release, and ordered him to pay $42,196,089.78 in restitution.

On appeal, Hailey does not raise any trial issues or dispute the restitution order. He challenges only the custodial term of imprisonment. For the reasons that follow, we affirm the judgment.

In his lead argument, Hailey asks that we extend the holding in Alleyne v. United States, 133 S. Ct. 2151 (2013), to preclude the district court from making factual findings as relevant to sentencing enhancements, in addition to prohibiting factual findings that increase the applicable statutory mandatory minimum sentence. We find no support for this proposition. See Alleyne, 133 S. Ct. at 2163 (explaining that the Court's holding "does not mean that any fact that influences judicial discretion must be found by a jury"); see also United States v. Booker, 543 U.S. 220, 233 (2005) ("[W]hen a trial

2

judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); United States v. Valdez, 739 F.3d 1052, 1054 (7th Cir. 2014) (declining to interpret Alleyne as overruling Booker to require that factual issues related to the determination of the defendant's advisory Guidelines range be submitted to a jury, and expressly concluding that "[t]here is no conflict" between Alleyne and Booker).

Hailey next challenges the reasonableness of his sentence. We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). Of course, the first step in procedural reasonableness review is to evaluate the district court's Guidelines calculations. Gall, 552 U.S. at 51.

Hailey maintains that the district court erred in determining his Guidelines range by failing to make express findings as to the two-level enhancement for the number of victims of the offense, see U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(2)(A) (2011), and the one-level increase for

3

having a conviction under 18 U.S.C. § 1957, see USSG § 2S1.1(b)(2)(A).

Generally, in reviewing the district court's calculations under the Guidelines, this court "review[s] the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). However, because Hailey failed to object to the Guidelines calculations challenged on appeal, Hailey's claim is reviewed for plain error. United States v. Blatstein, 482 F.3d 725, 731 (4th Cir. 2007).

We find no such error on this record. Although Hailey complains of the district court's failure to make factual findings regarding these two enhancements, he did not dispute them at sentencing. Pursuant to Fed. R. Crim. P. 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Moreover, even if a defendant objects to a finding in the presentence report ("PSR"), in the absence of an affirmative showing that the information is not accurate, the court is "free to adopt the findings of the presentence report without more specific inquiry or explanation." United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks and alteration omitted).

Given Hailey's failure to object to these enhancements and his related failure to affirmatively show that the PSR was inaccurate, there is no error, let alone plain error, in the district court's reliance on the PSR.

Hailey next claims the court failed to adequately analyze the particular facts of his case in terms of the 18 U.S.C. § 3553(a) (2012) sentencing factors and to provide a sufficient explanation for the selected sentence. We disagree. Prior to imposing sentence, the district court detailed the facts of this case, focusing particularly on the sophistication and scope of the underlying fraud and Hailey's personal history and characteristics. The court expressed its concern regarding the motivation for these crimes, emphasizing that Hailey's actions were born of blatant greed. The court also noted the public interests that were harmed by Hailey's crimes, which took advantage of a "well-intended government program."

The sentencing transcript thus makes clear that the district court received the parties' sentencing arguments, weighed the § 3553(a) sentencing factors it viewed to be the most relevant, and relied on those factors to select a sentence for Hailey. See Gall, 552 U.S. at 49-50. The court's explanation for the sentence, which was within Hailey's advisory Guidelines range, was more than sufficient. See United States v. Hernandez, 603 F.3d 267, 271-72 (4th Cir. 2010) (recognizing

that a within-Guidelines sentence does not require an "elaborate or lengthy" explanation).  We thus readily conclude that the district court fulfilled its duty to analyze the sentencing factors and offer an individualized explanation for the sentence it imposed.  See United States v. Lynn, 592 F.3d 572, 576, 584 (4th Cir. 2010).

The final issue, then, is the substantive reasonableness of this within-Guidelines sentence.  We presume that a sentence within the Guidelines range is substantively reasonable.  See United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010); United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable.").

To overcome this presumption, Hailey again asserts that the court failed to engage in individualized sentencing analysis and contests the propriety of accepting the Government's evidence as to the relevant sentencing issues. This argument simply re-packages the first two procedural errors, which we have rejected.  Hailey also suggests that the court's failure to explain why it rejected his request for a twenty-four-month variant sentence renders the sentence substantively unreasonable.  But, in offering an extensive explanation for the within-Guidelines sentence, the court amply

6

illustrated its reasons for rejecting the proposed variance. We thus conclude that Hailey's sentence is substantively reasonable in light of the circumstances, particularly as it was within his advisory Guidelines range. See Rita v. United States, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for within-Guidelines sentence).

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED